# CRIMINAL PROCEDURAL RULES COMMITTEE
## ADOPTION REPORT

## Amendment of Pa.R.Crim.P. 644

Note Taking By Jurors

On December 3, 2021, effective April 1, 2022, upon recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 644 to clarify (1) that jurors are permitted to take notes during trial regardless of the duration of the trial and (2) that "trial" includes opening statements and closing arguments for purposes of note taking. The Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

Pa.R.Crim.P. 644 (Note Taking by Jurors) was adopted in 2005 and largely based on Pa.R.Civ.P. 223.2 (Conduct of the Jury Trial. Juror Note Taking), which was adopted in 2003. However, there were several differences between Pa.R.Civ.P. 223.2 and Pa.R.Crim.P. 644. First, Pa.R.Civ.P. 223.2 permitted jurors to take notes during "the proceedings" for use in deliberations, while Pa.R.Crim.P. 644 permitted note taking "during trial." Second, Pa.R.Civ.P. 223.2 allowed a judge the discretion to permit note taking in trials lasting more than two days, while Pa.R.Crim.P. 644 required the judge to allow jurors to take notes in trials lasting more than two days but left to the judge's discretion whether to permit note taking in trials of shorter duration. Both Pa.R.Civ.P. 223.2 and Pa.R.Crim.P. 644 contained prohibitions against note taking during the judge's charge but were silent as to opening statements and closing arguments.

The Criminal Procedural Rules Committee and the Civil Procedural Rules Committee formed a joint subcommittee to discuss the merits of reducing these differences and bringing greater consistency to the rules. The joint subcommittee made two recommendations: (1) the two-day threshold for juror note taking should be removed; and (2) the rules should clarify that note taking is permitted during opening statements and closing arguments.

**Two-Day Trial Time Limitation**

After receiving the joint subcommittee's recommendations, the Committee discussed the extent of the trial judge's discretion in allowing juror note taking. Prior to the present amendment, Pa.R.Crim.P. 644 required a presiding judge to permit note taking in trials lasting more than two days but granted the judge discretion in trials lasting less than two days. The Committee questioned why this time limit was chosen and whether it was an arbitrary limitation. In reviewing the history of Pa.R.Crim.P. 644, it was

noted that when first adopted, there was some skepticism that note taking by jurors was either necessary or beneficial.  As a compromise, note taking was not permitted during trials lasting less than two days, reasoning that short trials are generally less complex, while note taking was permitted during longer trials, which are presumably more complicated.

The Committee noted that courts have become more accustomed to juror note taking, recognizing the benefits while observing that few of the problems originally feared with the practice have occurred.  Thus the Committee agreed with the joint subcommittee that, regardless of the length of the trial or its complexity, jurors should be allowed to take notes and that the two-day limitation should be eliminated.

**Note Taking During Opening Statements and Closing Arguments**

In examining the joint subcommittee's recommendation, several Committee members shared juror observations.  First, taking notes during opening statements aided the jurors in familiarizing themselves with the theories that were going to be presented during the trial.  Those notes also helped them organize their thoughts in anticipation of hearing the evidence.  Second, jurors found that taking notes during closing arguments aided in recalling those arguments.  Additionally, it appeared that jurors had no trouble distinguishing between evidence and argument.

The Committee also observed that note taking throughout the trial, rather than only during the presentation of evidence, offers several benefits.  First, liberal allowance of note taking demonstrates respect for and trust in the jurors and their ability to perform their duties.  Second, note taking keeps attorneys accountable; if jurors take notes, attorneys need to take greater care to avoid discrepancies between the opening statement and what evidence is presented.  To the concern that opening statements may include references to evidence that is ultimately precluded, curative instructions are an available remedy — it was also noted that there are instances during the presentation of evidence when testimony can be stricken.  Finally, it was observed that the federal courts permit jurors to take notes during all parts of a trial.[1]

As a result of these discussions, the Committee concluded that note taking should be permitted during both openings and closings in addition to during the presentation of evidence.  Note taking, however, will still be precluded during the judge's charge.

The Committee published this proposal for comment.  See 50 *Pa.B.* 3576 (July 18, 2020).  One comment was received objecting to note taking during openings and

---

[1]     Note taking by jurors in federal court is permitted at the discretion of each judge. The directive appears to be set forth in pattern jury instructions and not pursuant to rule.

closings.  No post-publications responsive revisions were made to the proposal for the reasons contained herein.  This amendment becomes effective April 1, 2022.